IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIM POPE, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2:16-CV-00327-WHA-CSC |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This action is before the court on the United States' Motion to Dismiss (Doc. # 7) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Jim Pope, filed suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), seeking damages from the United States Postal Service ("USPS") for injuries suffered as a result of allegedly being struck by a USPS vehicle on July 3, 2014. The Plaintiff previously filed an administrative claim and the USPS denied Plaintiff's claim on October 5, 2015. A denial letter was sent to the Plaintiff's attorney on the same day. Seven months later, Plaintiff commenced this action. The issue before this court is whether the Plaintiff's claims are time-barred because the Plaintiff failed to file this suit in federal court within six months after the denial letter, as required by the FTCA, even though the FTCA's general two year statute of limitations period had not also expired. For reasons to be discussed below, the Defendant's Motion to Dismiss is due to be GRANTED.

**II.   MOTION TO DISMISS**

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the Plaintiff's favor, *Duke v. Cleland*, 5 F.3d

1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.   FACTS

On July 3, 2014, Neil Davis, a USPS driver operating a USPS vehicle, allegedly struck the Plaintiff who was walking near an intersection in Montgomery, Alabama. Plaintiff filed an administrative claim for damages under the FTCA with the USPS. On October 5, 2015, the USPS denied the Plaintiff's claim, stating "an investigation of this matter failed to establish a negligent act or omission on the part of the USPS or its employees." (Doc. # 7-1). The USPS further noted that "[i]n accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after [October 5, 2015]." *Id.*

On March 24, 2016, Plaintiff filed suit in the Circuit Court of Montgomery County, Alabama, a state trial court. The United States filed a motion to dismiss for lack of jurisdiction,

which the Montgomery Circuit Court granted on May 5, 2016. (Doc. # 7-2).[1] The next day, on May 6, 2016, Plaintiff filed this action. Because Plaintiff filed this action seven (7) months and a day after the USPS's denial, the Defendant has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, claiming Plaintiff's claims are time-barred.

## IV.  DISCUSSION

The doctrine of sovereign immunity bars suits against the United States and its officers, unless specifically waived by Congress. Under the FTCA, Congress waived sovereign immunity for suits for money damages against federal employees while acting within the scope of their employment where private persons would be liable under state tort law. *See* 28 U.S.C. §§ 1346(B), 2671 et seq. However, like other statutes waiving sovereign immunity, courts construe the FTCA narrowly. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992) (noting "[w]e have on occasion narrowly construed exceptions to waivers of sovereign immunity where that was consistent with Congress's clear intent, as in the context of the 'sweeping language' of the [FTCA]") (quoting *United States v. Yellow Cab Co.*, 340 U.S. 543, 547 (1951)).

### *Two Limitations Periods*

In establishing this waiver, Congress set forth specific procedural requirements for initiating a claim in federal court. First, a claimant must exhaust his or her administrative remedies. 28 U.S.C. § 2675(a). Then, if the agency issues a final denial in writing or if the agency fails to make a final disposition of a claim within six months after it is filed, the claimant may institute an action in federal court. *Id.*

At each stage of the litigation, Congress placed strict limitations periods. Section 2401(b)

---

[1] 28 U.S.C. § 1346(b)(1) provides explicitly that suits such as this are within the "exclusive jurisdiction" of federal district courts.

of the FTCA provides:

> "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

As the Eleventh Circuit noted in *Phillips v. United States*, this provision establishes two separate statutes of limitations. *See* 260 F.3d 1316, 1317 (11th Cir. 2001). First, a plaintiff must bring an administrative tort claim before an appropriate federal agency within two years after his or her claim accrues. Second, if the administrative claim is denied, he or she must file a suit in federal court within six months after the date of mailing, by certified mail, of the notice of the denial of the claim. *See id.*; *see also Wilson v. United States*, No. 2:12-CV-0568-SLB, 2014 WL 3974669, at *6 (N.D. Ala. Aug. 7, 2014); *see generally Chandler v. United States*, 846 F.Supp. 51 (M.D. Ala. 1994) (Albritton, J.) ("Both of these limitations periods must be met for an action against the United States to be maintained in federal court.")

In this case, Plaintiff was allegedly injured on July 3, 2014 when a USPS worker struck the Plaintiff while operating a USPS vehicle in the scope of his employment. Although Plaintiff initially pursued his administrative remedies within the two-year limitations period, it is undisputed that Plaintiff filed this action more than six (6) months after the USPS denied his claim and sent him the required denial letter. Plaintiff's claim was denied on October 5, 2015. The statute of limitations for instituting this action lapsed on April 5, 2016. Therefore, because Plaintiff first initiated this action in this court on May 6, 2016, one month and a day after the limitations period for seeking such relief had expired, the Plaintiff's claim is time-barred.

Plaintiff incorrectly argues that, because he filed this action within two (2) years after the

date of his alleged injury, he should not be barred by the FTCA's six (6) month limitations period. Plaintiff states, "[he] could have done nothing to bring his claim to the attention of the United States or the U.S. Postal Service as of the date of this filing, and he would still have a viable claim under the Federal Tort Claims Act." (Doc. # 10). In essence, the Plaintiff argues that the limitations period for instituting this action in federal court could not have expired if the limitations period for initiating his administrative claim has not also expired. However, such a reading would require plaintiffs to satisfy only one of the two limitations periods. The FTCA requires plaintiffs to meet both. *See Phillips*, 260 F.3d at 1317.

*Equitable Tolling*

Next, Plaintiff argues that, even if his claims might technically be time-barred, this court should extend the limitations period for bringing this action in federal court because his filing in state court gave the United States notice of his claim. Therefore, Plaintiff contends, "[t]he United States suffered no prejudice by Plaintiff filing this action in the Circuit Court of Montgomery County before filing it in this Court" and, even if it did, the United States could have removed the Plaintiff's prior state court case to federal court on its own before the six (6) month period ran. (Doc. # 10). At best, this is an equitable tolling argument.[2]

Equitable tolling is a procedure that "pauses the running of, or tolls, a statute of limitations." *Lozano v. Montoya Alvarez*, 134 S.Ct. 1224, 1231 (2014). The Supreme Court recently made clear in *United States v. Kwai Fun Wong* that, like time bars in suits between private individuals, the FTCA's time bars are subject to equitable tolling. *See* 135 S.Ct. 1625 (2015). As such, a litigant is entitled to equitable tolling if he establishes that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

---

[2] The court notes that it is unwise to expect your adversary to commence litigation against itself on your behalf.

timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Moreover, "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Burnett v. New York Central R. Co.*, 380 U.S. 424, 427 (1965).

Any determination concerning equitable tolling begins with an analysis of whether the party seeking it has exercised diligence. *See Holland*, 560 U.S. at 653 (noting "[t]he diligence required for equitable tolling purposes is 'reasonable diligence'"). Courts consider a variety of factors in determining whether a party has diligently pursued his or her rights. *See Burnett*, 380 U.S. at 429. For example, where a party pursues his rights but mistakenly files in the wrong venue, courts generally find that the party has exercised diligence in pursuit of his or her claim. *See id.* at 435.

In this case, even though the Plaintiff filed suit in a court that had no jurisdiction, rather than in a court with jurisdiction but in an improper venue, it might be said that Plaintiff has diligently pursued his rights. After allegedly suffering an injury on July 3, 2014, Plaintiff filed an administrative claim before the USPS. The USPS denied his claim on October 5, 2015. Then, on March 24, 2016, Plaintiff filed suit in the Circuit Court of Montgomery County, a state trial court. However, because the court lacked jurisdiction, the Montgomery Circuit Court dismissed his claim on May 5, 2016. The next day, on May 6, 2016, Plaintiff initiated this action before this court. Accordingly, the court will assume that Plaintiff has pursued his rights with reasonable diligence.

However, diligence alone is not sufficient to apply equitable tolling. *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). A claimant must also "justify her untimely filing by a showing of extraordinary circumstances." *Id.*; *see also Murphree v. Comm'r*, 644 Fed.Appx. 962, 967 (11th Cir. 2016) ("In general, the plaintiff must show that, despite exercising due diligence, an

6

inequitable event prevented him from complying with the time limit."). "Extraordinary circumstances" can be those "that are both beyond [the plaintiff's] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Common examples of such extraordinary circumstances are where "the defendant misleads a plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her." *Cabella v. Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005). Nevertheless, "[t]his is a facts-specific analysis because a finding of extraordinary circumstances is reserved for extraordinary facts." *Id.* at 1154.

Plaintiff is not entitled to equitable tolling in this case because extraordinary circumstances did not prevent the Plaintiff from timely filing this action in federal court. The USPS denied Plaintiff's claim on October 5, 2015. 28 U.S.C. § 1346(b)(1) explicitly vests "exclusive jurisdiction" over suits of this type against the United States in federal district courts. In its denial letter, the USPS stated "[i]n accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after [October 5, 2015]." (Doc. # 7-1). Because the USPS denial letter explicitly directed the Plaintiff where to file suit—in the United States District Court—Plaintiff's decision whether and when to file this action in this court was undisputedly within his control.

It is not extraordinary circumstances for the Plaintiff to file suit in the Circuit Court of Montgomery County, instead of properly filing it in this court, as required by law and as called to his attention in his denial letter. If filing in the wrong forum, without more, were the guidepost for applying equitable tolling, the clear requirements of federal law in waiving sovereign immunity for claims such as this, would serve little purpose. Moreover, the United States was under no duty

7

to remove Plaintiff's state court action to this court. Therefore, Plaintiff's failure to file in the correct forum was not the result of extraordinary circumstances and this court cannot equitably toll the statute of limitations to allow Plaintiff's action.

## V. CONCLUSION

For the reasons stated herein, it is hereby ORDERED that the Motion to Dismiss (Doc. # 7) is GRANTED and this case is DISMISSED with prejudice.

Done this 2nd day of September, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE